IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SARAH GRIFFIN, as Personal )
Representative and Administratrix of )
the Estate of MARK L. GRIFFIN, )
deceased, *et al.*, )
)
       Plaintiffs, )
)
       v. )  Civil Action No.: 3:16-cv-27-SMD
)
LEE COUNTY BOARD OF EDUCATION,)
*et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

This is a class-of-one equal protection claim brought by three technicians in the Lee County Schools Maintenance Department: Mark Griffin[1] ("Griffin"), Brent Massey ("Massey"), and Mike McConnell ("McConnell").   2d Amd. Compl. (Doc. 49) ¶¶ 14-25. Plaintiffs allege that they have been denied equal protection of the laws because certain other technicians in the maintenance department receive higher pay for performing similar work.   Plaintiffs do not allege that this pay disparity is due to discrimination on the basis of a protected or suspect class such as race, sex, age, or national origin.   Rather, they argue that the Lee County Board of Education ("LCBOE") gave certain bus mechanics credit for their prior outside work experience while denying electricians and

---

[1] Mark Griffin died during the pendency of this litigation and his estate has been substituted as party

heating, ventilation and air conditioning ("HVAC") technicians the same credit. Plaintiffs argue that this "refusal to give . . . credit on the salary schedule for relevant years of outside work is arbitrary and irrational" and therefore violates the Fourteenth Amendment's Equal Protection Clause.  Pls' Opp. (Doc. 76) at 97.  Plaintiffs' equal protection claims are not cognizable because the Supreme Court has squarely held that this "class-of-one theory of equal protection does not apply in the public employment context."  *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 598 (2008).  In addition, Defendants' action in refusing to give Plaintiffs a pay raise easily satisfies rational basis review.

Plaintiffs' have stipulated to dismissal of their Title VII claims based on the pay disparity, and Plaintiff Griffin's remaining Title VII claim alleging a racially-hostile work environment is time-barred.  Finally, Plaintiffs' counts seeking declaratory, injunctive, and mandamus relief, Counts I-III, are dismissed for failure to state a claim because they plead a remedy, not an independent cause of action.

Accordingly, Defendants' motions for summary judgment (Docs. 67, 68) are GRANTED, and Plaintiffs' claims are DISMISSED in their entirety WITH PREJUDICE.

## II.     PLAINTIFFS' CLAIMS

Plaintiffs bring equal protection claims pursuant to 42 U.S.C. § 1983 against the LCBOE, Superintendent James McCoy and board members Larry Boswell, Milford Burkhalter, Roger Keel, Larry Patterson, Napoleon Stringer, George Spence, Fred

---

plaintiff.  For clarity, the court will continue to use the present tense when referring to Griffin in this

Copeland, Jr., and Ralph Henderson in both their individual and official capacities.   2d Amd. Compl., Count IV (Doc. 49) ¶¶ 56-62.   They also bring an equal protection claim directly under the Constitution against the LCBOE.   Count VIII (Doc. 49) ¶¶ 105-111. Plaintiffs allege that "they have been denied equal protection in that other maintenance department employees with less experience with the LCBOE are paid more for performing similar and, in some cases, less skilled jobs.   The other employees are paid for so-called 'outside' experience, that is, experience with an employer other than the LCBOE" while plaintiffs are not.   2d Amd. Compl. (Doc. 49) ¶¶ 15-16.   Plaintiffs allege that this difference in pay is arbitrary and capricious.   *Id.* at ¶ 25.

In addition to their class-of-one equal protection claims, each individual Plaintiff brings a separate claim against the LCBOE for alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*   Counts V, VI, and VII (Doc.49) at ¶¶ 63-104.   However, in their opposition papers, Plaintiffs "consent to the dismissal of their Title VII claims insofar as they concern the pay disparity."   Pls' Opp. to SJ (Doc. 76) at 111.   Therefore, only Plaintiff Griffin's Title VII claim alleging racial discrimination unrelated to the alleged pay disparity remains.

Finally, Plaintiffs allege counts for declaratory, mandamus, and injunctive relief. Counts I, II, and III (Doc.49) at ¶¶ 26-55.   These counts all relate strictly to the pay disparity.

### III.   LEGAL STANDARD

opinion.

**Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of the claim dictate which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact will not affect the outcome of the case under the governing law. *Id.*

## IV.   UNDISPUTED FACTS

Griffin is an African-American man. 2d Amd. Compl. (Doc. 49) ¶ 64. Massey and McConnell are white men. *Id.* at ¶¶ 79, 92. Massey and McConnel are skilled electricians. *Id.* at ¶¶ 9, 10. Griffin is a skilled HVAC technician. *Id.* at ¶ 8. All had prior outside work experience before accepting maintenance technician positions with the Lee County Schools. *Id.* at ¶¶ 8, 9, 10.

The LCBOE uses salary schedules to establish employees' base pay. Ex B (Doc. 71-2) at 17, p. 62; Ex. I (Doc. 71-14) at 49-50. The salary schedules for maintenance technicians and mechanics are the same. *Id.* Plaintiff Griffin accepted a position with the Lee County Schools in January 1996 starting at step zero on the salary scale reflecting

no credit for his prior outside work experience.   (Doc. 71-2) at 109; Griffin Affidavit (Doc. 49-2) pp. 1-2 at ¶¶ 6.   Plaintiff McConnell accepted a position with the Lee County Schools in January 2005 starting at step zero on the salary scale reflecting no credit for his prior outside work experience.   (Doc. 71-3) at 29; McConnell Affidavit (Doc. 49-2) p. 3 ¶¶ 2, 4.   Plaintiff Massey accepted a position with the Lee County Schools in December 2007 starting at step zero on the salary scale reflecting no credit for his prior outside work experience. (Doc. 71-2) at 189; Massey Affidavit (Doc. 49-2) p. 4 ¶¶ 2, 4.

In August 2008, the LCBOE hired Mike Manning as a bus mechanic.   Pls' Ex. 38 (Doc. 71-9) at 67.   Manning received a starting salary of $44,222.00 by placing him at step 26 on the mechanic technician pay scale.   *Id.*   This placement reflected credit for Manning's 26 years of prior outside military and civilian automotive technician experience.   *Id.*

In 2012, four bus mechanics filed grievances concerning the fact that Mike Manning had been awarded 26 steps on the salary schedule at his initial hiring for his prior experience as a mechanic while they had not been given any credit at hiring for their prior experience.   Ex. I (Doc. 71-14) 15 at p. 52.   These grievances were resolved by an agreement to award the bus mechanics retroactive credit for their prior relevant outside work experience.   Pls' Ex. 16 (Doc. 71-8) at 74-77.

In January 2014, after the LCBOE awarded the bus mechanics retroactive credit

5

on the salary scale for their prior outside work experience, four maintenance technicians filed a similar grievance.  Grievance (Doc. 71-2) pp. 210-222.  Plaintiffs Massey and McConnell were parties to this grievance.  *Id.* at 221.  Plaintiff Griffin was not.  *Id.* The LCBOE denied the maintenance technicians' grievance, and they were not awarded retroactive credit on the salary scale for their prior outside work experience as the bus mechanics had been.  *Id.*

V.   **DISCUSSION**

A.   **Plaintiffs' Equal Protection Claims are Barred by *Engquist.***

Plaintiffs' equal protection claims are foreclosed by the Supreme Court's decision in *Engquist,* 553 U.S. at 598-608.  *See also, Buchanan v. Anson*, 585 F. App'x 991, 995 (11th Cir. 2014) (equal protection claim by three terminated State of Alabama employees holding that a public employee cannot "state a claim under the Equal Protection Clause based on the allegation that she was treated differently than a similarly situated employee, without an assertion that the different treatment resulted from the employee's membership in a particular class").   Although equal protection claims typically concern governmental classifications that affect a distinct group of people, the Supreme Court has recognized the class-of-one theory "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Westbrook v. Olech*, 528 U.S. 562, 564 (2000).   Under this theory, "[w]hen those who appear similarly situated are nevertheless

6

treated differently, the Equal Protection Clause requires at least a rational reason for the difference[.]" *Engquist,* 553 U.S. at 603. This is precisely the type of claim Plaintiffs bring here. Plaintiffs' legal argument is found at pages 97 through 102 of their opposition papers. Pls' Opp. (Doc. 76) at 97-102. At bottom, they argue that some LCBOE employees are given steps on the salary scale for prior work experience, and that Defendants "refusal to give the Plaintiffs credit on the salary schedule for relevant years of prior outside work is arbitrary and irrational." *Id.* at 97.

In *Engquist,* however, the Supreme Court held that public employees cannot maintain class-of-one equal protection claims for such employment-related disputes. 553 U.S. at 598-608. The Court explained that there is a "crucial difference" between the government acting as an employer and acting as a lawmaker. *Id.* at 598. The "government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large." *Id.* at 599. The Court recognized that "employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* at 604. Therefore, "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.* at 605. The Equal Protection Clause is not implicated where, as here, "government employers are alleged to have made [] individualized, subjective personnel decision[s] in

a seemingly arbitrary or irrational manner." *Id.*

The Court also recognized the practical implications of allowing claims, such as Plaintiffs present here, to go forward. If "plaintiffs need not claim discrimination on the basis of membership in some class or group, but rather may argue only that they were treated by their [government] employers worse than other employees similarly situated, any personnel action in which a wronged employee can conjure up a claim of differential treatment will suddenly become the basis of a federal constitutional claim." *Id.* at 607-608. Routine discretionary employment decision such as pay, promotions, or work assignments "would become the basis for an equal protection complaint." *Id.* at 608. The Court found that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance," and run afoul of the "common-sense realization that government offices could not function if every employment decision became a constitutional matter." *Id.* at 607, 609 (internal quotes and citation omitted).

Therefore, for these reasons, the Court finds Plaintiff's equal protection claims barred.

### B.    The Pay Disparity Survives Rational Basis Review.

In addition to being barred by *Engquist*, Defendants' action in refusing to give Plaintiffs a pay raise easily survives rational basis review. As an initial matter, Plaintiffs grouping of two electricians and one HVAC expert as "skilled technicians" is too vague

to constitute a legitimate class for equal protection purposes. *Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1297 (11th Cir. 2012) ("substantive group characteristics must pop out [and] allow us to separate readily entities or people into discrete groupings and clearly identify those persons that suffered the alleged discrimination and those groups that did not"). However, even if this Court accepted Plaintiffs' grouping alleging discrimination in favor of a class of auto mechanics and against a class of other skilled trades working in the Lee County Schools Maintenance Department, the pay differential between different trades easily survives rational basis review.

The Eleventh Circuit explains that "[i]n the absence of any allegation that the government discriminated on the basis of a suspect classification including race, alienage, national origin, gender or illegitimacy, we evaluate equal protection claims under rational basis review[.]" *Checker Cab Operators, Inc. v. Miami-Dade Cty.*, 899 F.3d 908, 921 (11th Cir. 2018). Under this standard, the reviewing court asks only whether the challenged action is "rationally related to some legitimate government purpose." *Id.* (internal quotes and citation omitted).

If the agency could have been pursuing a legitimate goal, the court asks only whether a rational basis exists for the agency to believe that its action furthered that goal. *United States v. Castillo*, 899 F.3d 1208, 1213 (11th Cir. 2018). "This inquiry occurs entirely in the abstract because the *actual* motivations of the enacting governmental body

are entirely irrelevant, as is whether the legitimate basis was actually considered[.]"  *Id.* (internal quotes and citation omitted).  The agency "has no obligation to produce evidence to sustain the rationality of a . . . classification, and the complaining party has the burden to negate every conceivable basis which might support it."  *Id.* (internal quotes and citation omitted).

The Eleventh Circuit instructs that "[u]nder rational basis review, we apply a strong presumption of validity,"  *Id.* (internal quotes and citation omitted).  The Circuit Court notes that "[n]ot surprisingly, rational basis review is easily met," *Checker Cab*, 899 F.3d at 921 (internal quotes and citation omitted), and "almost every statute subject to the very deferential standard is found to be constitutional."  *Castillo*, 899 F.3d at 1213 (internal quotes and citation omitted).

Here, Plaintiffs argue that bus mechanics were paid more than electricians and HVAC technicians because the bus mechanics were given credit for prior outside work experience.  Pls' Opp. (Doc. 76) at 97-102.  The court has no trouble finding that this pay disparity survives rational basis review.  Defendants *could* have been pursuing a legitimate government purpose when they decided not to grant every trade retroactive credit for prior outside work experience.  *See Castillo*, 899 F.3d at 1213.  "'[T]here can be no question that generating budget savings . . . is a legitimate governmental purpose,'" and refusing to give every skilled trade a pay raise is rationally related to this purpose of saving money.  *Benjamin v. Town of Fenton*, 892 F. Supp. 64, 67 (N.D.N.Y. 1995)

10

(upholding cut in judge's pay on rational basis review) (*quoting New York City Managerial Employees Assoc. v. Dinkins*, 807 F. Supp. 958, 966 (S.D.N.Y. 1992) (upholding salary freeze and pay cuts for municipal managerial employees on rational basis review)).  Therefore, Defendants' action in refusing to give Plaintiffs retroactive salary credit for prior outside work experience survives rational basis review.

### C.    Griffin's Remaining Title VII Claim

In their opposition papers, "Plaintiffs consent to the dismissal of their Title VII claims insofar as they concern the pay disparity."  Pls' Opp. (Doc. 76) at 111.  Plaintiffs Massey's and McConnell's Title VII claims, Counts VI & VII, relate solely to the alleged pay disparity and are dismissed per Plaintiffs' stipulation.  2d Amd. Compl. (Doc. 49) ¶¶ 78-104.

Plaintiff Griffin's Title VII claim, Count V, contains allegations of a racially-hostile work environment in addition to the pay disparity issue.  2d Amd. Compl. (Doc. 49) ¶¶ 68-69.  In his opposition papers, Griffin points to no evidence in the summary judgment record supporting this claim, but instead refers only to the allegations in the complaint.  Pls' Opp. (Doc. 76) at 111-112.    Because Griffin bears the burden of establishing a racially-hostile work environment at trial, his failure to designate specific evidence supporting this claim in opposition to Defendants' motion is fatal, and the claim is due to be dismissed on this ground alone.  *Celotex*, 477 U.S. at 322-24.

Despite  Griffin's  failure  to  designate  specific  evidence  supporting  his

11

racially-hostile work environment claim, the Court has examined "Griffin's Individual Facts to Oppose Summary Judgment" searching for evidentiary support. Pls' Opp. (Doc. 76) at 22-26. Griffin's only evidence of a racially-hostile work environment is an incident in which a fellow employee said to "cover him up, we got an [n-word] in the hole." *Id.* at 23. This incident occurred in August 2011 and was the subject of an April 27, 2012, internal grievance by Griffin to the Lee County Schools. (Doc. 71-3) at 126-128.

In his grievance, Griffin states that "[i]n August of 2011 [I] was told to help Johnny Faulk install grates on [a] storm drain[.] . . . [W]hile down in the drain . . . Justin and Fabien from the tech center drives up. They ask Johnny what he was doing, he replied getting ready to put this grate over the drain. Johnny then said yeah I got me a [n-word] in the hole. You know you you [sic] have to cover them up because you know they are bad about running." (Doc 71-3) at 127. In his grievance, Griffin requested that he no longer be required to work with Faulk, but that request was denied. (Doc. 71-3) at 126; (Doc. 76) at 23. This is apparently the same incident Griffin refers to in his affidavit where he states that "[i]n the past, I have been subject to a hostile work environment in my job with the Lee County Board of Education. For instance, I was forced to work with an employee who referred to me as a [n-word] and called me 'boy.' I endured that treatment and that supervisor is no longer with the school district." Griffin Affidavit (Doc. 49-2) ¶¶ 12-13.

12

Griffin filed a charge with the EEOC concerning the August 2011 incident on July 20, 2012, and he was mailed a right-to-sue letter on April 23, 2013. (Doc. 71-3) at 130-132. A civil action under Title VII must be brought within 90 days of issuance of the right-to-sue letter. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984) (*citing* 42 U.S.C. § 2000e-5(f)(1)). Accordingly, Griffin was required to file any lawsuit arising from this incident by April 23, 2013. Griffin first alleged his Title VII claim in the First Amended Complaint which was lodged on May 25, 2016, and filed on May 27, 2016. (Docs. 15 & 16). Griffin presents no evidence in the summary judgment record showing a continuing violation or otherwise justifying his late filing. Accordingly, Griffin's Title VII claim concerning a racially-hostile work environment is time-barred.

### D.    Equitable and Extraordinary Remedies.

Having disposed of Plaintiffs' substantive counts, the Court now turns to Counts I-III. Count I seeks a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Alabama's Declaratory Judgment Act, Ala. Code 1975 §§ 6-6-220 through 6-6-232, Fed. R. Civ. P. 57, and Ala. R. Civ. P. 57. 2d Amd. Compl., Count I (Doc. 49) ¶ 27. Count II seeks a writ of mandamus, *Id.* at ¶¶ 31-47, and Count III seeks injunctive relief. *Id.* at ¶¶ 48-55. All three counts concern the pay disparity between Plaintiffs and the bus mechanics, and all three are due to be dismissed for failure to state a claim.

Declaratory judgments, injunctions, and writs of mandamus are remedies, not

stand-alone causes of action that can be pleaded as independent counts.  "Declaratory judgments and injunctions are equitable remedies, not causes of action.  A plaintiff must prevail on an underlying claim in order to be entitled to either form of relief."  *Feingold v. Budner*, No. 08-80539-CIV, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008).  *See also*, *Burke v. Johnson*, Case No: 6:16-cv-199-Orl-41TBS, 2016 WL 9503732, at *2 (M.D. Fla. June 27, 2016) ("Plaintiff succumbs to the not infrequent mistake of characterizing declaratory judgment as a claim in itself.  It, however, is not a cause of action; it is a remedy"); *Eveillard v. Nationstar Mortg., LLC*, No. 14-CIV-61786, 2015 WL 127893, at *7 (S.D. Fla. Jan. 8, 2015) ("[d]eclaratory relief is a procedural device which depends on an underlying substantive cause of action and cannot stand on its own"); *Cellemetry, LLC v. Mobile Star GPS, LLC*, CIVIL ACTION NO. 1:08-CV-2212-MHS, 2008 WL 11417231, at *2 (N.D. Ga. Sept. 12, 2008) ("a declaratory judgment is a remedy, not an independent cause of action").  The Supreme Court instructs that the "operation of the Declaratory Judgment Act is procedural only." *Aetna v. Haworth*, 300 U.S. 227, 240 (1937).  It does not give rise to a cause of action. *Id.*

  With respect to mandamus, the Supreme Court teaches that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Ct. for N.D. Ca.*, 426 U.S. 394, 402 (1976).  The "writ has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it has a duty to do so." *Id.* (internal quotes and citation omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Id.* (internal quotes and citation omitted). Plaintiffs' mandamus count has absolutely nothing to do with judicial action of any sort. Count II (Doc. 49) ¶¶ 31-47.

Because the Court has determined that Defendants' are entitled to summary judgment on Plaintiffs' equal protection and Title VII claims, there is no remaining cause of action that can support declaratory, injunctive, or mandamus relief. Accordingly, Counts I, II, and III are dismissed.[2]

**CONCLUSION**

In conclusion, for the reasons stated above, Defendants' motions for summary judgment (Docs. 67, 68) are GRANTED and plaintiffs' claims are DISMISSED in their entirety WITH PREJUDICE. A separate judgment shall issue.

Done this 25th day of March, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff characterizes Counts I, II, and III as state-law claims, the Court exercises supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).