IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SARAH GRIFFIN, as Personal )
Representative and Administratrix of )
the Estate of MARK L. GRIFFIN, )
deceased, *et al.*, )
 )
      Plaintiffs, )
 )
v. ) Civil Action No.: 3:16-cv-27-SMD
 )
LEE COUNTY BOARD OF EDUCATION, )
*et al.*, )
 )
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

Former Plaintiff Mark Griffin and Plaintiffs Brent Massey and Mike McConnell filed this action in the Lee County Circuit Court against Defendants Lee County Board of Education (the "Board") and Board members Larry Boswell, Milford Burkhalter, Roger Keel, Larry Patterson, Napoleon Stringer, George Spence, and Fred Copeland, Jr., on December 8, 2015. The Defendants removed this action to this court on January 13, 2016, on the basis of federal-question jurisdiction. The Plaintiffs amended their complaint in this court effective May 27, 2016, adding Board Superintendent Dr. James McCoy as an additional defendant. Former Plaintiff Griffin died on October 15, 2016, and effective February 14, 2018, the Plaintiffs amended their complaint a second time, adding former Plaintiff Griffin's estate as a party plaintiff in lieu of Griffin[1] and adding Board member Ralph Henderson as another additional defendant.

---

[1] For purposes of clarity, the court will use the present tense when referring to Griffin in this opinion.

By and through their second amended complaint, Plaintiffs (each, an employee of the Board not certified as a teacher) alleged that the Board and the individual Defendants violated their Fourteenth Amendment right to equal protection of the laws and their right to freedom from race discrimination in employment under Title VII of the Civil Rights Act by failing to give them seniority credit for work experience from prior to their employment by the Board, notwithstanding that some other persons employed by the Board in different capacities received such seniority credit. Arising out of the foregoing, the Plaintiffs alleged the liability of the Board and of all individual Defendants in two separate claims under 42 U.S.C. § 1983 for the violation of their Fourteenth Amendment equal protection rights, and the liability of the Board to each Plaintiff in three additional separate claims for the violation of their rights under Title VII. In addition, through three further separate claims (or purported claims), the Plaintiffs sought this court's declaration that the alleged pay disparity was unlawful, sought a writ of mandamus to compel the Board to adhere to its express policy regarding provision of seniority credit to new hires for prior work experience, and sought injunctive relief to enjoin the complained-of pay disparity. In addition to such equitable relief, the Plaintiffs sought award of economic, non-economic, and punitive damages in unspecified amounts.

On October 26, 2018, the Defendants moved for summary judgment as to all of Plaintiffs' claims. On November 27, 2018, the Plaintiffs stipulated to dismissal with prejudice of Massey's and McConnell's Title VII race discrimination claims. On March 25, 2019, the Court granted summary judgment in the Defendants' favor as to all of the Plaintiffs' remaining claims. (Doc. 81). Specifically, the Court (i) dismissed the Plaintiffs' equal protection claims with prejudice on the independent alternative grounds that public employees cannot maintain class-of-one equal protection claims and that the complained-of pay disparity survived rational-basis review, (ii)

dismissed Griffin's Title VII race discrimination claim on the ground that it was time-barred, (iii) dismissed the Plaintiffs' "claims" for declaratory and injunctive relief with prejudice on the ground that, in the absence of any valid underlying substantive claim for violation of the Plaintiffs' rights, those purported "claims" could not, as a matter of law, give rise to a cause of action, and (iv) dismissed the Plaintiffs' request for a writ of mandamus with prejudice on the ground that the remedy of mandamus has "traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so," *Kerr v. U.S. Dist. Ct. for N.D. Ca.*, 426 U.S. 394, 402 (1976), while here no judicial action or inaction was at issue. On that basis, the Court issued final judgment in favor of the Defendants on March 25, 2018. (Doc. 82).

Now before the court is the Plaintiffs' Rule 59 Motion to Alter or Amend Judgment. (Doc. 83). By and through their motion, the Plaintiffs request (i) that the court amend its judgment to deny summary judgment as to the Plaintiffs' claims for declaratory and injunctive relief and as to their request for the writ of mandamus, only, and (ii) that, to the extent they arise under Alabama law, the court remand those claims to the Lee County court for lack of federal subject-matter jurisdiction following dismissal with prejudice of all federal claims in this action. The court has considered the Plaintiffs' motion and all of the pleadings on file. For the reasons that follow, the Plaintiffs' motion is denied.

**LEGAL STANDARD**

Litigants may move the court to alter or amend a final judgment pursuant to Federal Civil Procedure Rule 59(e). *See* Fed. R. Civ. P. 59(e). The decision whether to grant or deny such a motion is committed to the pure discretion of the court. *See Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985), *citing Futures Trading Comm'n v. Am.*

*Commodities Grp.*, 753 F.2d 862, 866 (11th Cir. 1984). The courts of the Eleventh Circuit have recognized three sets of circumstances that may justify such alteration or amendment: (i) intervening change of controlling law, (ii) newly available material evidence, or (iii) clear error or manifest injustice. *See*, *e.g.*, *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

## ANALYSIS

As noted, the sole stated ground for dismissal with prejudice of the Plaintiffs' request for the writ of mandamus was that in federal court use of the writ is restricted to compelling or constraining judicial action, while here no judicial action or inaction is at issue. The Plaintiffs now argue that under Alabama procedural law, the writ of mandamus is, or can be, an appropriate procedural mechanism for bringing a claim for injunctive relief against public bodies like school boards. *See*, *e.g.*, *Dees v. Coker*, 51 So.3d 323, 325 (Ala. Civ. App. 2009).

This argument requires several assumptions, first that, as a matter of Alabama law, the writ of mandamus can be an appropriate procedural mechanism for enjoining action by a public body such as a school board. Furthermore, assuming without deciding either that this court, in the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, could appropriately apply Alabama procedural law in determining the merits of the Plaintiffs' claims, or that this court could appropriately construe the Plaintiffs' mandamus "claim" as stating a cognizable cause of action under substantive Alabama law for the violation of a protected right to freedom from government agency action that does not conform to formally adopted agency policy, the mandamus claim (however construed) would necessarily fail as a matter of Alabama law.[2] The only Board policy

---

[2] When exercising supplemental jurisdiction, federal courts apply the substantive law of their forum states. *See Jones v. United States All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

4

for which there is record evidence, and the only Policy addressed in the Plaintiffs' Second Amended Complaint or in the parties' briefing, is so-called Policy 6.83. Policy 6.83 is a Board employee salary schedule which provides in relevant part that "[j]ob-related experience for non-certified personnel shall not be credited in excess of ten (10) years for initial placement on the salary schedule." (Doc. 49, Exh. D.) On no reasonable construction of Policy 6.83 does the policy deprive the Board of discretion to *decline* to credit non-certified Board employees with years of seniority for prior work experience; on its face Policy 6.83 merely limits the maximum number of years of seniority credit that a non-certified Board employee may receive on initial hire, *if any*, to ten.[3] This is fatal to the Plaintiffs' mandamus "claim," because as a matter of Alabama law "[t]he writ [of mandamus] will not lie to direct the manner of exercising discretion" in public officials' execution of their duties, *Alabama Dep't of Transp. v. Harbert Int'l, Inc.*, 990 So. 2d 831, 840 (Ala. 2008), *quoting McDowell–Purcell, Inc. v. Bass*, 370 So.2d 942, 944 (Ala. 1979), and because even construed *arguendo* as a substantive cause of action for the violation of a protected right to freedom from government agency action that does not conform to formally adopted agency policy, as a matter of logic agency action cannot violate agency policy where the policy cannot reasonably be construed as proscribing the action. Moreover, no party disputes that Policy 6.83 was promulgated and adopted in 2010 or that the Plaintiffs were first employed by the Board prior to adoption of the policy (Griffin in 1996, Massey in 2008, and McConnell in 2004), and neither Policy 6.83 nor any principle of Alabama law suggests that the Board is under any obligation to apply the policy retroactively. In consequence, the court did not err in dismissing the Plaintiffs' mandamus "claim" with prejudice.

---

[3] In addition, for the same reasons discussed in the court's Memorandum Opinion and Order of March 25, 2019, (Doc. 81) at 8-11, there is a clear, non-arbitrary, rational basis for the Board to have reserved discretion to determine whether or not to award seniority credit for prior work experience when hiring a new employee.

For the same reasons discussed in the court's Memorandum Opinion and Order of March 25, 2019, (Doc. 81) at 13-14, because declaratory judgments and injunctions are equitable remedies rather than independent causes of action, to the extent that the Plaintiffs' "claims" for declaratory judgment and for injunctive relief are premised on the alleged violation of Plaintiffs' rights under the Fourteenth Amendment's equal protection clause and/or under Title VII, those "claims" fail to survive dismissal with prejudice of the Plaintiffs' substantive federal claims. And to the extent, if any, that the "claims" for declaratory judgment and for injunctive relief can appropriately be construed as premised on the violation of the Plaintiffs' substantive rights under Alabama law, the only such state-law right referenced in the complaint or addressed in the parties' briefing is the purported right to Board action in conformity with Policy 6.83, which for reasons discussed above Defendants have not violated by their complained-of conduct. It follows that the Court did not err in dismissing the Plaintiffs' declaratory judgment and injunctive relief "claims" with prejudice.

In the absence of any material intervening change in controlling law, newly available material evidence, or clear error or manifest injustice, no grounds exist for altering or amending the court's judgment. The Plaintiffs' motion is therefore denied.

## CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion to Alter or Amend Judgment (Doc. 83) is DENIED.

DONE this 27th day of November, 2019.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE